9264

STATE v. McNEAL.

(88 S. E. 1004.)

ASSAULT WITH INTENT TO RAVISH.   EVIDENCE OF INTENT.   IDENTIFI-
CATION.

1. ASSAULT WITH INTENT TO RAVISH—EVIDENCE OF INTENT.—Evidence
that a strange man, without any excuse, entered a woman's bed-
room, came up behind the chair where she was sitting, with his per-
son exposed, and without speaking until she hearing a noise turned
and discovering his presence, ordered him out of the house, where-
upon he got between her and door, and when she moved to leave the
room by another door, he caught her hand and pulled it from the
knob, and then, frightened by her screams and the coming of neigh-
bors in response thereto, ran away, is abundantly sufficient to estab-
lish the intent of the assault.

2. CRIMINAL LAW—EVIDENCE—IDENTITY.—The sufficiency of evidence
to establish and identify the defendant in a criminal prosecution as
the person who committed the offense, is for the jury.

3. CRIMINAL LAW—EVIDENCE.—It is competent for a witness in testify-
ing to the identity of the accused, after testifying that she saw a
man at a certain time and place, and to the circumstances showing
her opportunity to observe, to state "I *believe* the defendant is the
man I saw."

Before BOWMAN, J., Bennettsville, Fall term, 1915.
Affirmed.

The facts are stated in the opinion.   The defendant
appeals.

*Mr. J. K. Owens,* for appellant.

*Mr. Solicitor Spears,* for respondent.

February 25, 1916.
The opinion of the Court was delivered by MR. JUSTICE
FRASER.

FOOTNOTE.—As to certainty of testimony with reference to identity,
see Underhill Crim. Ev., sec. 55, 40 Mont. 326, 106 Pac. 364, 20 Ann.
Cas. 398; Wharton Crim. Ev. (8th ed.), secs. 131 and 803, note; Jones
Ev. (2d ed.), sec. 361; 1 Wigmore Ev., sec. 660, note 1; *People* v. *Jen-
nings,* 252 Ill. 534, 96 N. E. 1077, 43 L. R. A. (N. S.) 1206.

The case contains the following: "The defendant, James McNeal, was arrested and tried under an indictment based upon section 142 of the Criminal Code 1912, reading as follows: 'Any person convicted of rape or assault with intent to ravish shall suffer death by hanging unless the jury shall recommend to mercy of the Court, in which event the defendant shall be confined at hard labor in the State penitentiary for a term, not exceeding forty years or less than five years, at the discretion of the presiding Judge.' The defendant was found guilty with recommendation to mercy and a sentence of fifteen (15) years was imposed." There was evidence that the prosecutrix was at home, sick, with young baby; a man came to the house and asked to be directed to another house. The prosecutrix gave the directions and returned to her room. A short time thereafter she heard a noise behind her chair, and when she looked, she saw the man in her house and in her room. She ordered him out of the house, but he got between her and the door. The prosecutrix then moved to another door and put out her hand to turn the knob. The intruder caught her hand and pulled it from the knob. The prosecutrix saw that the intruder's "person was exposed." She screamed for help, and in some way got out of the house and called for help. Some neighbors came and the intruder ran away. Several arrests were made, but the prosecutrix identified only the defendant as the intruder. The affair occurred on Wednesday and the arrest and identification were not made until Saturday.

Some other ladies complained of a man who loitered near their houses on Wednesday morning and then went off towards the house of the prosecutrix just before the outcry was made. Their testimony was that to the best of their information and belief (based upon their observation of the man) the defendant was the man they saw going to the house of the prosecutrix that morning. The defendant was convicted, and this appeal was taken.

There are three questions:

(1) Was there any evidence of intent?

There was. It was abundant.

(2) Was there sufficient evidence of the identity of the intruder and the defendant?

That was a question for the jury.

(3) The real question is, can a witness say I saw a man at a certain time and place, and I *believe* the defendant is the man I saw, or must the witness say, I saw the man and I *know* the defendant is the man?

The question carries its own answer. There are some people who know everything. There are others who, conscious of human limitations, speak with caution. The prosecutrix spoke without doubt, and well she might speak with assurance. Her experience, if such she had, was calculated to indelibly stamp the face of her assailant on her mind. She was in a position to speak with assurance. The other witnesses told of their opportunity to observe and then stated their belief. It was competent. Its weight was for the jury.

The judgment is affirmed.